UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Samuel D. Page, | ) C/A 4:07-CV-00316-RBH-TER |
| Plaintiff, | ) |
| | ) REPORT |
| v. | ) AND |
| | ) RECOMMENDATION |
| Willard G. Page, | ) |
| Defendant(s). | ) |

Plaintiff brings this civil action *pro se* requesting that this Court "reverse and or overrule, or declare 'null and void,' the deed from S.M. Page to W.G. Page, dated July 31, 1995." (Compl. at 8-9.) Plaintiff also asks this Court to overrule J. Stanton Cross, Jr., Circuit Court Judge, the South Carolina Court of Appeals and the South Carolina Supreme Court. (Compl. at 9.) Plaintiff currently resides in Aynor, South Carolina. Defendant resides in Galivants Ferry, South Carolina.

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*,

775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Serv.*, 901 F.2d 387 (4th Cir. 1990).

## Discussion

Federal courts are courts of limited jurisdiction. "A district court must jealously protect its jurisdiction, declining to entertain those cases over which it has no jurisdiction but insisting on hearing those matters properly before it." *Woodward v. Newcourt Commercial Fin. Corp.*, 60 F. Supp. 2d 530, 531 (D.S.C. 1999). Because federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999), *cert. denied*, *Pinkley, Inc. v. Servacek*, 528 U.S. 1155 (2000) (citing *Lehigh Mining & Mfg. Co. v. Kelly*, 160 U.S. 337, 327 (1895)). "Furthermore, it is always incumbent upon a federal court to evaluate its jurisdiction *sua sponte*, to ensure that it does not decide controversies beyond its authority." *Davis . Pak*, 856 F.2d 648, 650 (4th Cir. 1988).

"[T]he facts providing the court jurisdiction must be affirmatively alleged in the complaint." *Id.* (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936)). To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short plain statement of the grounds upon which the court's jurisdiction depends, . . . ." If, however, the complaint does not contain "an affirmative pleading of a jurisdictional basis, the federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." *Id.* (citing 2 *Moore's Federal Practice* § 8.03[3] (3d ed. 1997)). If the court, viewing the allegations in the light most

favorable to the plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).

The complaint raises issues regarding real property. Plaintiff complains of the transfer of property between plaintiff's two brothers in spite of plaintiff's right of first refusal found in "the original deed from [his] parents, M.K. and Maude Page to S.M. Page dated January 26, 1979 and recorded in Deed Book 379 at Page 555" in the Horry County Clerk's Office. (Compl. at 8-9.) Plaintiff requests that this Court restore the "original deed" and reverse, overrule or declare null and void the subsequent deed between his brothers, S.M. Page and W.G. Page. (Compl. at 8.) Plaintiff seeks relief for "the violation of contract which denied [his] rights." (Compl. at 10.) Plaintiff also seeks relief in the form of appellate review. Plaintiff asks this Court to overrule J. Stanton Cross, Jr., Circuit Court Judge, the South Carolina Court of Appeals and the South Carolina Supreme Court. (Compl. at 9.)

Plaintiff's claims do not pose a federal question, so they cannot serve as the basis for federal jurisdiction. Plaintiff's allegations set forth causes of action based in state law. Through the exercise of "supplemental jurisdiction," federal courts may hear and decide state law claims in conjunction with federal law claims. *Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 387 (1998). Because plaintiff has asserted no federal claims, this Court cannot exercise "supplemental" jurisdiction over plaintiff's state claims. *See Lovern v. Edwards*, 190 F.3d 648, 655 (4th Cir. 1999) ("[T]he Constitution does not contemplate the federal judiciary deciding issues of state law among non-diverse litigants.").

A civil action for plaintiff's state claims could be cognizable in this Court under the diversity statute, if that statute's requirements are satisfied. *Cianbro Corp. v. Jeffcoat & Martin*, 804 F. Supp. 784, 788-91 (D.S.C. 1992), *aff'd*, 10 F.3d 806 (4th Cir. 1993)[Table]. The diversity statute requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). *See* 28 U.S.C. § 1332(a). Complete diversity of parties in a case means that no party on one side may be a citizen of the same State as any party on the other side. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372-74 (1978). The complaint alleges that both parties are citizens of the State of South Carolina.[1] Accordingly, this Court has no diversity jurisdiction of this case because plaintiff and defendant are both citizens of the State of South Carolina, which defeats the required complete diversity of parties. This case should be dismissed because complaint fails to allege facts establishing either federal question or diversity jurisdiction in this Court.

Plaintiff also seeks appellate review of state court decisions. The Court of Appeals for the Fourth Circuit recently provided the following review of the lack of appellate jurisdiction by lower federal courts over state court judgments:

> Congress has vested only the Supreme Court with jurisdiction to review state court decisions. 28 U.S.C. § 1257. The *Rooker-Feldman* doctrine, a corollary to this rule, prohibits "lower federal courts . . . from exercising appellate jurisdiction over final state-court judgments." The Supreme Court has recently underscored that *Rooker-Feldman* is a "narrow doctrine." It deprives district courts of subject matter jurisdiction over "cases brought by state-court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments. Formulated in this way, the doctrine forbids claims that "seek[] redress for an injury caused by the state-court decision itself" because they "ask[] the federal district court to conduct an appellate review of the state-court decision. In other words, the doctrine

---

[1] This is confirmed in Plaintiff's answers to Local Rule 26.01 interrogatories.

applies "where a party in effect seeks to take an appeal of an unfavorable state-court decision to a lower federal court."

*Adkins v. Rumsfeld*, 464 F.3d 456, 463-64 (4th Cir. 2006) (citations omitted). Plaintiff attempts to appeal unfavorable state court decisions by specifically asking this Court to overrule J. Stanton Cross, Jr., Circuit Court Judge, the South Carolina Court of Appeals and the South Carolina Supreme Court. This case should be dismissed because this Court lacks jurisdiction to grant this relief.

## Recommendation

Accordingly, it is recommended that this case be dismissed *without prejudice* and without issuance and service of process. *See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966); *see also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). **Plaintiff's attention is directed to the important notice on the next page.**

 s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

April 13, 2007
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).